IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Darious Lamont Moore, | ) | Case No.: 8:17-cv-850 |
| Petitioner, | ) ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Warden of Perry Correctional Institution, | ) ) | |
| Respondent. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 37) recommending that this Court dismiss Petitioner's habeas petition (Dkt. No. 1) as time barred. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

**I. Background and Relevant Facts**

Petitioner Darious Lamont Moore pled guilty to armed robbery on March 3, 2003 and was sentenced to sixteen years imprisonment. No direct appeal was filed. Petitioner's application for post-conviction relief ("PCR") based on ineffective assistance of counsel was not successful. On March 28, 2017, Mr. Moore filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. At the time he filed his petition, Mr. Moore was confined at Perry Correctional Institution. Mr. Moore is proceeding *pro se* and *in forma pauperis*.

**II. Legal Standards**

   **a. *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge explained in the R. & R. that Petitioner's habeas petition is time barred because it was filed over nine years after the expiration of the limitations period. (Dkt. No. 37 at 14-15) and Petitioner has not met the standard for relief by equitable tolling.

The Magistrate Judge issued a Report and Recommendation on November 1, 2017 and mailed it to Petitioner at Perry Correctional Institution the same day. (Dkt. Nos. 37, 38.) That mailing was returned as undeliverable because Petitioner had been released to Sumter County (Dkt. No. 39.) The Magistrate Judge previously issued an order explaining that Petitioner was responsible for notifying the Court of any change in address and that his case could be dismissed for his failure to do so. (Dkt. No. 5 at 2.) Petitioner has failed to notify the Clerk's Office of his current address since his release.

Objections to the R. & R. were due by November 18, 2017. No party has filed Objections to the R. & R. In the absence of any specific objections, "a district court need not conduct a *de*

*novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 37) as the order of the Court. The habeas petition is dismissed because it is time barred.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 5, 2017
Charleston, South Carolina